UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

XIAYUAN SHEN,

                 Plaintiff,            **MEMORANDUM & ORDER**
                                           25-cv-1621 (EK)
          -against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                 Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

        Xiayuan Shen seeks a writ of mandamus under 28 U.S.C. § 1361 compelling the United States Citizenship and Immigration Services ("USCIS") to act on her I-589 Application for Asylum and for Withholding of Removal ("I-589"). Plaintiff, proceeding *pro se*, alleges undue delay processing her I-589 application, which has been pending since late 2022.

        USCIS now moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, that motion is granted.

## I.  Background

        The following facts are drawn from the complaint and public sources. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir.

2012) (permitting "judicial notice of relevant matters of public record").[1]  All facts discussed herein are undisputed.

Plaintiff, a citizen of China, applied for asylum in September 2022.  Compl. 4, ECF No. 1.  When plaintiff filed the instant action, her I-589 application had been pending for over two years.  *Id.*

The Immigration and Nationality Act permits "[a]ny alien who is physically present in the United States or who arrives in the United States" to apply for asylum, "irrespective of such alien's status."  8 U.S.C. § 1158(a)(1).  To obtain asylum, an applicant must file an I-589 application and establish either past persecution or fear of future persecution. 8 U.S.C. §§ 1101(a)(42)(A), § 1158(b)(1)(B)(i).

USCIS processes asylum applications on one of three tracks.  On the first track, USCIS agents generally process the newest applications first ("last in first out") to dissuade individuals from filing frivolous applications solely to acquire work authorization.  *Affirmative Asylum Interview Scheduling*, USCIS.[2]  On the second track, certain USCIS asylum officers are assigned to review applications pending in the backlog, beginning with the oldest applications first.  *Id.*  Finally,

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] https://perma.cc/ZG89-GB2C (last updated Mar. 29, 2024).

USCIS may process an application out of order if the applicant files an expedite request demonstrating an urgent humanitarian need.  *Id.*

## II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).[3]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).  At the same time, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

---

[3] "[W]hether the . . . requirements for a writ of mandamus present a jurisdictional or merits inquiry remains an open question in this circuit."  *Jan v. Mayorkas*, No. 24-CV-1686, 2025 WL 964092, at *2 n.4 (E.D.N.Y. Mar. 31, 2025).  But the "better and more modern view is that [the Court has] subject matter jurisdiction over the alleged claim, [and] plaintiffs have failed to adequately state it."  *City of New York v. USPS*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021).

### III. Discussion

**A.    Mandamus Act Claim**

Mandamus relief under Section 1361 is "an extraordinary remedy." *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009). To obtain such relief, a plaintiff must establish three elements: (1) she has a "clear right" to the relief, (2) the defendant has a "plainly defined and peremptory duty" to complete the act at issue, and (3) there is no other adequate remedy. *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Plaintiff has not demonstrated a "clear right" to the relief she seeks. On the contrary, the applicable federal statute *explicitly states* that USCIS's timelines for adjudicating I-589 applications create no legally enforceable right or benefit. *See* 8 U.S.C. § 1158(d)(7); *see also Chen v. Wolf*, No. 19-CV-9951, 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) (a "chorus of other courts" agree).

Plaintiff also cannot demonstrate the absence of alternative remedies. Like other, similarly situated plaintiffs, she has at least two: an APA claim for unreasonable delay and the administrative remedy provided by USCIS — a request to expedite her application based on an urgent humanitarian emergency. *See, e.g.*, *Zheng v. Garland*, No. 22-CV-6039, 2024 WL 333090, at *5 (E.D.N.Y. Jan. 29, 2024)

4

(identifying the same alternatives in a similar mandamus action).

Because plaintiff has not met two of the elements required for mandamus relief, her claim must be dismissed.

**B.    APA Claim**

Even if we liberally construed plaintiff's complaint to claim unreasonable delay of agency action under Section 706 of the Administrative Procedure Act ("APA"),[4] that claim would also warrant dismissal.

Processing time alone does not support an unreasonable delay claim.  *See, e.g.*, *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005).  Thus, courts must consider the factors laid out in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1985) (the "TRAC factors").[5]  *See Hossain v. USCIS*, No. 24-CV-5039, 2025 WL 218828, at *2–3 (E.D.N.Y. Jan. 16, 2025) (applying TRAC factors to similar APA

---

[4] "Because [Shen] filed [her] complaint *pro se*, we must liberally construe [her] pleadings, and must interpret [her] complaint to raise the strongest arguments it suggests."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

[5] The TRAC Factors are: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."  750 F.2d at 80.

claim); *Singh v. USCIS,* No. 24-CV-3003, 2025 WL 964145, at *3-4 (E.D.N.Y. Mar. 31, 2025) (same).

On the first TRAC factor, many courts have found that USCIS's system for prioritizing I-589 applications is guided by a "rule of reason," even if the system is not perfect. *See Jan*, 2025 WL 964092, at *4 (collecting cases). Courts have also repeatedly found that TRAC factor two disfavors asylum applicants because the timetables provided by Congress are unenforceable. *See Hossain*, 2025 WL 218828, at *3 (collecting cases). And plaintiff articulates no prejudice arising from the alleged delay (factors three and five).

Finally, even if all the other TRAC factors favored plaintiff, it would still be appropriate to deny her requested relief because "the effect of expediting [her] delayed action on agency activities of a higher or competing priority" (TRAC factor four) would simply be to "move all others back one space and produce no net gain." *Xu v. Cissna*, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020).

For the foregoing reasons, the defendant's motion to dismiss is granted. The dismissal is with prejudice, "as repleading cannot cure the defects of [her] mandamus claim." *See Ji v. USCIS*, No. 24-CV-4815, 2026 WL 171879, at *7 (E.D.N.Y. Jan. 22, 2026). The Clerk of the Court is respectfully directed

6

to mail a copy of this Order to plaintiff, note the mailing on the docket, and close the case.

SO ORDERED.

_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge

Dated:     March 10, 2026
           Brooklyn, New York

7